**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

January 28, 2022

LETTER TO COUNSEL

RE:   *Phyllis D. v. Commissioner, Social Security Administration*
      Civil No. SAG-20-3735

Dear Counsel:

On December 23, 2020, Plaintiff Phyllis D. petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny her claim for Supplemental Security Income. ECF No. 1. I have considered the parties' cross-motions for summary judgment and supporting memoranda and Plaintiff's reply. ECF Nos. 11, 16, 17. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the Commissioner's decision, and remand the case to the Commissioner for further consideration. This letter explains my rationale.

Plaintiff filed her claim for benefits on April 19, 2018, alleging a disability onset date of July 31, 2016. Tr. 191-96. Plaintiff later amended her disability onset date to November 3, 2018. Tr. 210. Her claim was denied initially and on reconsideration. Tr. 109-12, 116-18. On January 14, 2020, an Administrative Law Judge ("ALJ") held a hearing. Tr. 30-82. Following the hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 13-29. The Appeals Council denied Plaintiff's request for review, Tr. 1-6, so the ALJ's decision constitutes the final, reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000); *see also* 20 C.F.R. § 422.210(a).

The ALJ found that Plaintiff suffered from the severe impairment of "mild left L5-S1 facet joint arthropathy." Tr. 18. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 416.967(b) except [Plaintiff] can never climb ladders, ropes, or scaffolds. [Plaintiff] can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl.

Tr. 21. After considering the testimony of a vocational expert ("VE"), the ALJ determined that

*Phyllis D. v. Commissioner, Social Security Administration*
Civil No. SAG-20-3735
January 28, 2022
Page 2

Plaintiff could perform her past relevant work as a furniture salesperson. Tr. 24-25. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 25.

Plaintiff raises four arguments on appeal, specifically that the ALJ erroneously: 1) failed to address radiological and physical examination findings; 2) failed to find that Plaintiff's hip arthritis was not severe at step two; 3) failed to properly analyze two medical opinions; and 4) rejected Plaintiff's credibility. ECF No. 11-1 at 16-25.

I begin by addressing Plaintiff's successful arguments. First, regarding the medical opinion of Phyllis Queen, CRNP, the ALJ found it not persuasive because "she did not specify how many hours [Plaintiff] could [sit, stand, and walk], and furthermore, her limitations are not supported by the medical evidence of record." Tr. 24. Ms. Queen stated that Plaintiff could occasionally sit and stand/walk, equal to 1 to 33% of an eight-hour workday, but did not specify how many hours Plaintiff could sit and stand/walk. Tr. 538. Yet, it remains clear that Ms. Queen was opining that Plaintiff could sit and stand/walk less than three hours of the eight-hour workday from her calculations. Additionally, while the ALJ cited to evidence that indicated Plaintiff's motor strength was intact and straight-leg raise test was negative, Plaintiff points to positive straight-leg raise tests in May 2018 and January 2019. Tr. 417-18, 529-30, 549-50. Therefore, this single treatment record cited by the ALJ is aberrant and fails to indicate that Plaintiff's condition was steadily improving. On remand, the ALJ should properly evaluate Ms. Queen's opinion and determine whether it is consistent with Plaintiff's entire record.

Next, Plaintiff argues that the ALJ's "stated bases for rejecting Plaintiff's credibility do not withstand scrutiny." ECF No. 11-1 at 24. Specifically, Plaintiff first states that the ALJ improperly evaluated her function report and daily activities. Here, the ALJ discussed that Plaintiff's "statements about the intensity, persistence, and limiting effects of her symptoms" are inconsistent with Plaintiff's daily activities, including preparing simple meals, performing light household chores, driving, shopping for groceries, paying bills, counting change, handling a savings account, and using a checkbook. Tr. 22. However, as noted by Plaintiff, her daily functioning is decidedly more limited than represented by the ALJ. For example, Plaintiff noted in her function report that while she prepares her own meals, she only prepares "simple items that do not require standing to[o] long, like microwave meals," she needs help with all household chores, and she only shops for groceries once every two weeks with the help of someone else. Tr. 223-24. These daily activities do not signify that Plaintiff has the ability to stand for six hours of an eight-hour workday, as is required for light work. Additionally, Plaintiff argues that her function report was completed prior to the death of her son, which triggered the onset of her mental complaints. ECF No. 11-1 at 25. During Plaintiff's hearing, both she and her son testified regarding Plaintiff's trouble with memory and concentration, depression, and daily crying episodes since the death of her son. Tr. 51, 63, 71-72. The ALJ, however, did not address these changes but simply noted that although Plaintiff had been in counseling since January 2019, her depression was a nonsevere impairment because it did "not cause more than minimal limitation in [Plaintiff's] ability to perform basic mental work activities." Tr. 19. Accordingly, on remand, the ALJ should properly evaluate and address Plaintiff's daily activities and current mental limitations.

*Phyllis D. v. Commissioner, Social Security Administration*
Civil No. SAG-20-3735
January 28, 2022
Page 3

Plaintiff also maintains that the ALJ's determination that Plaintiff's only severe impairment was "mild left L5-S1 facet joint arthropathy" was a "gross understatement of the seriousness of Plaintiff's lumbar spine condition." ECF No. 11-1 at 17. As noted by the ALJ, both the state agency medical consultants at the initial and reconsideration levels determined that Plaintiff had a severe impairment of degenerative disc disease. Tr. 23. The ALJ found these opinions to be persuasive, but nevertheless failed to find that Plaintiff's degenerative disc disease constituted a severe impairment at step two. Accordingly, on remand, the ALJ should reconsider the appropriate severe impairments at step two.

Finally, because the case is being remanded on other grounds, I need not address Plaintiff's arguments regarding the ALJ's failure to: 1) address radiological and physical examination findings; 2) find that Plaintiff's hip arthritis was not severe at step two; and 3) properly evaluate the medical opinion of Dr. Roche. On remand, the ALJ can consider these arguments and make any required adjustments to the opinion.

For the reasons set forth herein, Plaintiff's Motion for Summary Judgment, ECF No. 11, is DENIED and Defendant's Motion for Summary Judgment, ECF No. 16, is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing order follows.

        Sincerely yours,

        /s/
        Stephanie A. Gallagher
        United States District Judge